UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FARRELL STEVEN "BO" SUTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NUMBER: |
| ) | CV-19 |
| ) | JURY DEMAND |
| DIRECTTV LLC; AT&T, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** Plaintiff Farrell Steven "Bo" Sutton ("Sutton"), by and through his undersigned counsel, and hereby files this lawsuit against Defendants DirectTV LLC, ("DirectTV") and AT&T for discrimination on the basis of religion, and retaliation, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq.*, as amended ("Title VII"), Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Sutton who has been adversely affected by such practices.

### JURISDICTION AND VENUE

1. This is an action alleging religious discrimination and retaliation arising

1

under §701(j) of Title VII, 42 U.S.C. §§ 2000(e)(j) and 42 U.S.C. 2000(e)(2)(a). This Court has jurisdiction of Sutton's Title VII claims under 28 U.S.C. §1331 because this claim is a civil action arising under the laws of the United States. This Court also has jurisdiction of Sutton's Title VII claims under 28 U.S.C. §1343(a)(4) because it is an action to recover damages or to secure equitable or other relief under an Act of Congress providing for the protection of civil rights.

2. Sutton seeks declaratory and injunctive relief, back pay and benefits, compensatory and punitive damages, prejudgment interest, equitable relief in the form of reinstatement or front pay and benefits, attorneys' fees and costs, and any other relief to which he is entitled by law.

3. This action presents a federal question, and is authorized and instituted pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3).

4. Venue is appropriate in the Northern District of Alabama under 28 U.S.C. §1391(b) because defendant is deemed to reside in this district under 28 U.S.C. §1391(c) and because the events giving rise to Sutton's claims occurred in this district.

5. Sutton filed timely charges of discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) on or about January 25, 2018.

6. Sutton received a Notice of Right to Sue dated November 27, 2018, on

or about November 29, 2018, and this action is being filed within 90 days of his receipt of the Notice of Right to Sue.

7. Sutton has exhausted all administrative remedies on the claims brought prior to filing this lawsuit.

8. All other conditions precedent to the commencement and maintenance of this action have been satisfied or waived.

## PARTIES

9. Farrell Steven "Bo" Sutton is a citizen, resident, and domicile of Florence, Lauderdale County, Alabama.

10. Defendant DirectTV, is a for-profit corporation doing business in the state of Alabama. Defendant is an "employer" as defined by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(b), Defendant employs more than 500 employees in total. DirectTV is a subsidiary of AT&T. The AT&T/DirectTV employees who made the decision to terminate Plaintiff are located in Jefferson County, Alabama and the employment decision was made in Jefferson County, Alabama.

11. Defendant AT&T, is a for-profit corporation doing business in the state of Alabama. Defendant is an "employer" as defined by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(b), Defendant employs more than 500

employees in total. AT&T is the parent company of DirectTV. The AT&T/DirectTV employees who made the decision to terminate Plaintiff are located in Jefferson County, Alabama and the employment decision was made in Jefferson County, Alabama.

## FACTUAL ALLEGATIONS

12. Sutton was first employed by defendant, DirectTV and its predecessor companies on April 12, 2003 as a satellite TV installer working out of its Florence Alabama facilities and remained continuously employed until his termination.

13. In 2008, Sutton while studying to become a Seventh-day Adventist, began keeping the Sabbath. In 2010, he converted to and became a member of the Seventh-day Adventist Church. Sutton's sincerely held religious beliefs prohibit his working on the Sabbath, which is observed in the Seventh-day Adventist Church from sundown on Friday until sundown on Saturday. From the time he became convicted of the Sabbath in 2008, Sutton informed Defendant's management that he is a Seventh-day Adventist, and that he would not be available to work from sundown on Friday until sundown on Saturday, and requested that DirectTV grant him a religious accommodation of not being required to work on his Sabbath.

14. Sutton was able to work on Friday before sunset, Saturday after sunset, and any time on Sunday without restriction, so Sutton further advised defendant that

4

he would be available to work all other days and times.

15. Prior to Sutton's religious conviction regarding the Sabbath, he had worked on Saturday. However, once becoming convicted of the Sabbath, he contacted the scheduler, Donna Mitchell, and he was from then on not scheduled to work on his Sabbath.

16. In May of 2014, AT&T announced it would purchase DirectTV. This acquisition was completed in 2015.

17. After purchasing DirectTV, AT&T announced in that beginning in 2017 scheduling would change whereby every employee would be required to work on Saturday with only one Saturday a month off.

18. Sutton informed defendants that he needed a religious accommodation.

19. At the request of the defendants, Sutton completed and submitted a request for religious accommodation on or about January 8, 2017. Defendant responded to this request on or about March 14, 2017. Thereafter, Sutton filed his first charge of discrimination with the EEOC on March 20, 2017. Defendants submitted a response to this charge dated May 21, 2017.

20. Defendants' response to Sutton's request did not resolve the conflict between his religious need and the religious conflict. Rather, defendants suggested he either swap with other employees or look for another job within AT&T.

Defendants were not able to find other employees willing to swap with him nor was plaintiff able to do so himself. Further, despite diligent search Sutton was not able to find a different position within AT&T that did not require sabbath work.

21. Defendants refused to offer any other accommodation to Sutton including allowing other employees to donate time off to him, something that was allowed for under company policy for secular reasons, i.e. if employee was ill or had other family emergencies.

22. Defendants also refused to allow Sutton time off without pay.

23. When Sutton was scheduled on Sabbath he began using his vacation and other authorized time off. However, beginning in September of 2017 he had exhausted his available time off and began to incur attendance violations. At no time did Sutton have any attendance issues on a time that was not a Saturday. Further, Sutton had no other discipline or other work-related issues.

24. On November 30, 2017 Sutton was terminated by defendants.

## COUNT I
## LIABILITY UNDER TITLE VII FOR RELIGIOUS DISCRIMINATION - DISPARATE TREATMENT-PRETEXT

25. Sutton adopts and incorporates by reference the allegations contained in Paragraphs 1-24 of this Complaint.

26. Defendants have engaged in unlawful employment practices in violation

of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(j) and 2000e-2(a), as amended, by engaging in intentional discrimination against Sutton on account of his religion.

27. Specifically, Defendants intentionally discriminated against Sutton by terminating him because of his religion, including his sincerely held religious belief prohibiting him from working Friday evening to sundown Saturday because it was his Sabbath.

28. The effect of Defendants' discrimination against Sutton was to deprive him of equal employment opportunities, including, but not limited to, causing termination of his employment, and otherwise adversely affecting his status as an employee because of his religion and sincerely held religious beliefs, in violation of Title VII.

29. Defendants acted with malice and reckless indifference to Sutton's federally protected rights in discriminating against Sutton because of his religious beliefs in violation of Title VII.

30. As a result of Defendants' unlawful actions, Sutton has suffered a loss of earnings, wages, seniority, and benefits, a loss of earning capacity, a loss of future earnings, a loss of enjoyment of life, embarrassment, humiliation, emotional distress and related damages.

## COUNT II
## LIABILITY UNDER TITLE VII FOR RELIGIOUS DISCRIMINATION- DISPARATE TREATMENT-FAILURE TO ACCOMMODATE

31. Sutton adopts and incorporates by reference the allegations contained in Paragraphs 1-30 of this Complaint.

32. Defendants knew of Sutton's need for a reasonable accommodation for his religious beliefs. Defendants failed and refused to provide Sutton with a reasonable accommodation for his religious beliefs even though a reasonable accommodation was requested, was available and could have been made without any undue hardship.

33. Defendants' actions in refusing to provide Sutton with a reasonable accommodation for his sincerely held religious beliefs, disciplining Sutton for not working on his Sabbath, and then terminating Sutton because he was unable to work on his Sabbath constitute unlawful employment discrimination on the basis of his religion in violation of Section 701(j) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(j) and 2000e-2(a), as amended.

34. Defendants acted with malice and reckless indifference to Sutton's federally protected rights in failing or refusing to accommodate Sutton's religious beliefs in violation of Title VII.

35. As a result of Defendants' unlawful actions, Sutton has suffered a loss

of earnings, wages, seniority, and benefits, a loss of earning capacity, a loss of future earnings, a loss of enjoyment of life, embarrassment, humiliation, emotional distress and related damages.

## COUNT III
## LIABILITY UNDER TITLE VII FOR RETALIATION

36. Sutton re-adopts and incorporates by reference the allegations contained in Paragraphs 1-35 of this Complaint.

37. Defendants have willfully violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), as amended, by retaliating against Sutton for asserting his rights.

38. Specifically, following Sutton continuing requests for an accommodation for his religious beliefs and filing a charge of discrimination based upon religion, Defendants took adverse employment actions against Sutton that would have dissuaded a reasonable employee from asserting his rights or complaining about the violation of his rights, and it terminated Sutton's employment as of November 30, 2017.

39. As a result of Defendants' unlawful actions, Sutton has suffered a loss of earnings, wages, seniority, and benefits, a loss of earning capacity, a loss of future earnings, a loss of enjoyment of life, embarrassment, humiliation, emotional distress

and related damages.

40. Defendants acted with malice and reckless indifference to Sutton's federally protected rights.

## DEMAND FOR TRIAL BY JURY & PRAYER FOR RELIEF

WHEREFORE, premises considered, Sutton prays for the following relief:

1. For judgment against Defendants under Counts I, II, and III for lost wages, compensation and other employment benefits caused by defendant's unlawful actions;

2. For judgment against Defendants under Counts I, II, and III for compensatory damages for emotional distress, embarrassment and humiliation, loss of dignity, damage to his reputation, and related damages in an amount to be determined by the jury;

3. For judgment against Defendants under Counts I, II, and III for punitive damages in an amount to be determined by the jury;

4. For judgment declaring that the Defendants' acts and practices complained of are in violation of Title VII;

5. For judgment enjoining and permanently restraining these violations;

6.    For judgment directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated, including:

(a)    Adopting and promulgating to its applicants and employees a policy for religious accommodation consistent with Title VII;

(b)    Training its Human Resources, management personal and all similar persons on defendant's religious accommodation policy and the requirements of Title VII with regard to religious discrimination;

7.    For reinstatement or in the alternative, for front pay;

8.    For prejudgment and post-judgment interest;

9.    For reasonable attorney's fees, expert witness fees, litigation expenses and costs in accordance with applicable law, including 42 U.S.C. §2000e-5(g) and 42 U.S.C. §1988(b);

10.    For such other relief as Sutton may be entitled to under the premises.

**Respectfully submitted this 25th day of February 2019.**

Respectfully submitted,

_____
Rocco Calamusa, Jr.
Kevin W. Jent
Counsel for Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

Todd R. McFarland
Associate General Counsel
General Conference of Seventh-day Adventists
12501 Old Columbia Pike
Silver Spring, Maryland 20904-6600
301/680-6321

**Defendants' Addresses:**
To Be Served by Certified Mail

DirectTV, LLC
c/o Registered Agent
CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104

AT&T, Inc.
c/o Registered Agent
CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104